UNITED STATES DISTRICT COURT
DISTRICT OF THE DISTRICT OF COLUMBIA

_____
                                                                                    X
CHARLIE SAVAGE                                                        :
1627 I Street, NW
Suite 700                                                                       :
Washington, DC 20006
                                                                                    :
SCOTT SHANE                                                             :
705 Kingston Road
Baltimore, MD 21212                                                  :

and                                                                               :            **COMPLAINT**

THE NEW YORK TIMES COMPANY                          :
620 8th Avenue
New York, NY 10018                                                   :

                                              Plaintiffs,           :

                    v.                                                           :

UNITED STATES DEPARTMENT OF JUSTICE       :
950 Pennsylvania Avenue, NW
Washington, DC 20530                                              :

                                              Defendant.         :
_____X

Plaintiffs CHARLIE SAVAGE, SCOTT SHANE, and THE NEW YORK TIMES COMPANY, by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA"), to obtain an order for the production of agency records from the United States Department of Justice ("DOJ") in response to requests properly made by Plaintiffs.

## **PARTIES**

2. Plaintiff Charlie Savage is a reporter at *The New York Times*.

3. Plaintiff Scott Shane is a longtime investigative journalist and author.

1

4. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. It is headquartered at 620 Eighth Avenue, New York, New York, 10018.

5. Defendant DOJ is an agency of the federal government that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is premised on the location of the records in this district under 5 U.S.C. § 552(a)(4)(B).

8. FOIA requires that agencies respond to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A). If an agency determines that "unusual circumstances" apply and has satisfied the procedural requirements to invoke it, such as providing timely written notice to the requester, FOIA gives the agency an additional 10 business days to respond. *See id.* § 552(a)(6)(B).

9. Defendant DOJ has failed to meet the statutory deadlines set by FOIA. *See id.* § 552(a)(6)(A)–(B). Plaintiffs are therefore deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

10. In the aftermath of 9/11, the Central Intelligence Agency ("CIA") interrogated terrorism suspects at various locations outside the United States. Some alleged that the CIA had used interrogation techniques that constituted torture under international and/or domestic law.

11. Video recordings were made of some of these interrogations. But it was later discovered that CIA employees or other persons working for the U.S. Government had destroyed these video recordings.

12. In 2008, Attorney General Michael Mukasey assigned John Durham, an Assistant U.S. Attorney in the District of Connecticut, to investigate the destruction of these video recordings ("Durham Investigation").

13. In 2009, Attorney General Eric Holder widened Durham's mandate, instructing and authorizing Durham to investigate whether agency personnel broke laws in their treatment of detainees.

14. The Durham Investigation has been closed since 2012. No charges were brought as a result of the investigation.

15. Because of the Durham Investigation, the parallel Senate Select Committee on Intelligence ("SSCI") was hindered. Witnesses refused to speak to the Senate due to potential criminal exposure, and Durham allegedly spurned SSCI requests to share information. The resulting SSCI report thus relied almost exclusively on documents—which it is often criticized for having done.

16. In April 2014, Mr. Savage and The New York Times Company (jointly, "The Times") submitted two FOIA requests. The first, submitted to the DOJ, sought "any reports to the attorney general or deputy attorney general describing or presenting findings" from the Durham Investigation. The second, submitted to both the DOJ and FBI, sought "all FBI FD-302 reports summarizing interviews conducted as part of" the Durham Investigation.

17. In May 2014, after not hearing anything from the DOJ and FBI, The Times brought a lawsuit against the DOJ, alleging that the DOJ violated FOIA and that plaintiffs were

entitled to an order compelling the DOJ and FBI to undertake an adequate search of its records and produce any responsive records. *See* Complaint (Dkt. No. 2), *N.Y. Times Co. v. U.S. Dep't of Just.*, No. 14-cv-03777.

18. Most of the records were ultimately withheld under a variety of FOIA exemptions, including Exemption 5. *See N.Y. Times v. U.S. Dep't of Just.*, 550 F. Supp. 3d 26 (S.D.N.Y. 2021) (final ruling on remand).

19. But much has changed since The Times brought suit in 2014.

20. For one, in December 2014, large portions of the SSCI report were declassified and released to the public. In the almost eight years since then, additional facts about the CIA program have continued to be declassified as part of the discovery proceedings in the military commission system at Guantanamo Bay, Cuba and in response to various FOIA requests.

21. For another, in June 2016, Congress passed the FOIA Improvement Act, which, in relevant part, imposes an independent requirement on agencies to "explain how a particular Exemption 5 withholding would harm the agency's deliberative process." *Rosenberg v. Dep't of Def.*, 342 F. Supp. 3d 62, 78 (D.D.C. 2018). "Absent a showing of foreseeable harm," "the documents must be disclosed." *Ecological Rts. Found. v. Fed. Emergency Mgmt. Agency*, No. 16-cv-05254, 2017 WL 5972702, at *6 (N.D. Cal. Nov. 30, 2017). This new requirement to show particularized harm that would result from the disclosure of each document an agency seeks to withhold under Exemption 5 sets a higher standard for invocation of Exemption 5 than was in place at the time of the original litigation.

22. There have also been significant releases of FD-302 forms via FOIA in the intervening years, suggesting a change in government policy or, at a minimum, indicating that the withholding of the forms may not be justified in many cases under the new standard set by

the FOIA Improvement Act. *See, e.g.*, *N.Y. Times Co. v. Exec. Off. for U.S. Att'ys*, No. 22-cv-03609 (S.D.N.Y.); *Leopold v. Dep't of Just*, No. 19-cv-01278 (D.D.C.)

23. In light of these changed circumstances, on June 7, 2022, Mr. Savage submitted a FOIA request to the DOJ, seeking "all reports to the attorney general or deputy attorney general describing or presenting findings and recommendations, and all FBI FD-302 forms and FD-1023 forms summarizing witness and source interviews, in connection with John Durham's investigation into the CIA's rendition, detention, and interrogation program."

24. On June 28, 2022, Mr. Shane submitted identical FOIA requests to the DOJ, DOJ's Criminal Division, and DOJ's Office of Information Policy ("OIP"), seeking "all reports (and exhibits) provided to the attorney general or deputy attorney general that describe or present findings or recommendations concerning John Durham's investigation into the CIA's rendition, detention, and interrogation program, and all FBI FD-302 forms and FD-1023 forms summarizing witness and source interviews conducted in connection with that litigation."

25. As of the date of this filing, the DOJ has not released any responsive records to or otherwise made a final determination on the Plaintiffs' FOIA requests.

## FIRST CAUSE OF ACTION

26. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

27. Defendant is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the requests and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

28. Defendant has failed to meet the statutory deadlines set by FOIA, 5 U.S.C. § 552(a)(6)(A)(i) in responding to The Times's FOIA request. Accordingly, The Times is deemed to have exhausted its administrative remedies under FOIA.

29. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

30. No exemptions permit the withholding of the documents sought by The Times's request.

31. Accordingly, The Times is entitled to an order compelling Defendant to produce records responsive to its request.

## SECOND CAUSE OF ACTION

32. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

33. Defendant is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records in its possession at the time of the requests and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

34. Defendant has failed to meet the statutory deadlines set by FOIA, 5 U.S.C. § 552(a)(6)(A)(i) in responding to Mr. Shane's requests. Accordingly, Mr. Shane is deemed to have exhausted his administrative remedies under FOIA.

35. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

36. No exemptions permit the withholding of the documents sought by Mr. Shane's requests.

37.     Accordingly, Mr. Shane is entitled to an order compelling Defendant to produce records responsive to his requests.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

38.     Declare that the documents sought by the FOIA requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

39.     Order Defendant to undertake an adequate search for the requested records and provide those records to Plaintiffs within 20 business days of the Court's order;

40.     Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

41.     Grant Plaintiffs such other and further relief as this Court deems just and proper.


Dated:  New York, New York
        August 19, 2022

                                            */s/ David E. McCraw*
                                            David E. McCraw
                                            Legal Department
                                            The New York Times Company
                                            620 8th Avenue
                                            New York, NY 10018
                                            Phone: (212) 556-4031
                                            Fax: (212) 556-4634
                                            E-mail: mccraw@nytimes.com

                                            *Counsel for Plaintiffs Charlie Savage and*
                                            *The New York Times Company*


                                            David A. Schulz
                                            Media Freedom & Information Access Clinic
                                            Abrams Institute
                                            Yale Law School
                                            1675 Broadway, 19th Floor

New York, NY 10019
Tel: (212) 850-6103
schulzd@ballardspahr.com

*Counsel for Plaintiff Scott Shane*