UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLIE SAVAGE, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>   Defendant. | Civil Action No. 22-2477 (JEB) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Civil Rule 7(h), Defendant, the Department of Justice ("Defendant" or "Department"), submits the following statement of material facts as to which there is no genuine issue in support of Defendant's motion for summary judgment as to the claims brought by Plaintiffs, Charlie Savage, Scott Shane, and the New York Times Co., against the Department under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").[1]

1.  Between approximately January 2008, and August 2012, John Durham ("Durham"), a former high ranking Department official who served in various roles such as First Assistant United States Attorney in the District of Connecticut, and Acting U.S. Attorney for the Eastern District of Virginia, conducted a series of investigations regarding potential violations of law relating to detainees at overseas locations. Hibbard Decl. ¶¶ 4-8.

2.  Plaintiffs have previously sought documents relating to Durham's investigations via the FOIA. Specifically, Plaintiffs litigated the Department's withholding in the Southern

---

[1] Defendant respectfully submits herewith the Declaration of Douglas Hibbard ("Hibbard Decl.") and accompanying exhibits. Defendant refers to exhibits to the Hibbard Declaration as "Ex.__."

District of New York and on appeal before the United States Court of Appeals for the Second Circuit. The same documents are at issue here as Plaintiffs are trying to take their second bite at the apple in this District. *See* Hibbard Decl. ¶¶ 14-17.

3. On June 7, 2022, Plaintiff Charlie Savage submitted a FOIA request to the Office of Information Policy ("OIP"), the Criminal Division ("CRM"), and the Mail Referral Unit ("MRU") seeking "all reports to the attorney general or deputy attorney general describing or presenting findings and recommendations, and all FBI FD-302 forms and FD-1023 forms summarizing witness and source interviews, in connection with John Durham's investigation into the C.I.A.'s rendition, detention and interrogation program." Hibbard Decl. ¶ 9, Ex. G.

4. By letter dated June 30, 2022, OIP acknowledged Plaintiff Savage's FOIA request, assigning it tracking number FOIA-2022-01336. Hibbard Decl. ¶ 9, Ex. H.

5. On June 28, 2022, Plaintiff Scott Shane submitted a FOIA request to OIP seeking "complete copies of all reports (and exhibits) provided to the attorney general or deputy attorney general that describe or present findings or recommendations concerning John Durham's investigation into the CIA's rendition, detention and interrogation program, and all FBI FD-302 forms and FD-1023 forms summarizing witness and source interviews conducted in connection with that investigation." Hibbard Decl. ¶ 10, Ex. I.

6. By letter dated July 22, 2022, OIP acknowledged Plaintiff Shane's FOIA request, assigning it tracking number FOIA-2022-01426. Hibbard Decl. ¶ 10, Ex. J.

7. In August 2022, Plaintiffs filed suit. Hibbard Decl. ¶ 11; ECF No. 1.

8. On October 12, 2022, OIP, through counsel, asked Plaintiffs two questions regarding the scope of the requests: (1), "whether the June 7, 2022 and June 28, 2022 requests sought the same scope of records," and (2), "whether the only difference between the records

sought in these requests as compared [to the] requests at issue in the previous litigation are the requested 'FD-1023s'"? Between October 12 and October 13, 2022, Plaintiffs confirmed that the two requests "call for the same records" and "[t]he only difference between the records sought in these requests as compared requests at issue in the previous litigation are the FD-1023's." Hibbard Decl. ¶ 12, Ex. K.

9. OIP's searches in response to Plaintiffs' requests located the ten unique reports prepared by Durham similarly located in the previous litigation, totaling 1,736 pages. Hibbard Decl. ¶ 18, Ex. M.

10. The ten reports as identified in the accompanying *Vaughn* index, Hibbard Decl. Exhibit M, are as follows:

- The CIA Tapes Investigation
    - "Tape Destruction Report" – January 18, 2011
    - "Draft: Declination Report" – April 25, 2012
    - "Declination Report" – May 23, 2012

- The CIA Interrogation Investigation
    - "First Interim Report on Preliminary Review" – November 30, 2010
    - "Recommendation for Full Criminal Investigation into Death of Individual # 1" – December 14, 2010
    - "Second Interim Report on Preliminary Review" – March 2, 2011
    - "Recommendation for Full Criminal Investigation in the Death of Individual # 2" – May 26, 2011

11. In coordination with the Federal Bureau of Investigation ("FBI"), OIP also located the FD-302s generated by these investigations. Hibbard Decl. ¶¶ 13, 18.

12. Upon completing its search efforts, the Department conveyed to Plaintiffs that it had located no FD-1023s. Hibbard Decl. ¶ 13.

13. The parties have agreed to bifurcate the briefing in this matter, such that the Government's withholdings pursuant to Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5), are solely at issue here. Hibbard Decl. ¶ 13; *See* ECF No. 17.

14. All of the records at issue here were withheld pursuant to Exemption 5, including the deliberative process privilege and the attorney work-product privilege. *See, generally*, Hibbard Decl.

15. The FD-302s responsive to Plaintiffs' requests were withheld under Exemption 5, pursuant to the attorney work-product privilege. Hibbard Decl. ¶¶ 20-21, 36-37.

16. All ten reports responsive to Plaintiffs' requests were withheld under Exemption 5, pursuant to the attorney work-product privilege. Hibbard Decl. ¶¶ 20-21, 32-35.

17. Two of the ten reports, including their exhibits, responsive to Plaintiffs' requests are withheld pursuant to deliberative process privilege, in addition to attorney work-product privilege. Hibbard Decl. ¶¶ 22-29. These two reports are respectively identified as "Recommendation for Full Criminal Investigation into Death of Individual # 1" and "Recommendation for Full Criminal Investigation in the Death of Individual # 2" in OIP's *Vaugh* index, Hibbard Decl. Ex. M.

18. The material responsive to Plaintiffs' FOIA requests have not been publicly released other than limited disclosures that do not amount to waiver of Exemption 5. Hibbard Decl. ¶¶ 41-43.

19. OIP engaged in segregability review of all ten reports responsive to Plaintiffs' FOIA request. Hibbard Decl. ¶ 44.

\*   \*   \*

- 5 -

Dated: October 10, 2023

                      Respectfully submitted,

                      MATTHEW M. GRAVES
                      D.C. Bar No. 481052
                      United States Attorney

                      BRIAN P. HUDAK
                      Chief, Civil Division

By:    */s/ Alex Schreiber*
        ALEXANDER SCHREIBER
        D.C. Bar #1724820
        Special Assistant U.S. Attorney
        601 D Street, NW
        Washington, D.C. 20530
        Phone: (202) 252-6754
        Alexander.Schreiber@usdoj.gov

        *Counsel for the United States of America*