UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLIE SAVAGE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE,<br><br>　　　　　Defendant. | Civil Action No. 22-2477 (JEB) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS
NOT IN GENUINE DISPUTE**

　　Pursuant to Fed. R. Civ. P. 56 and Local Civil Rule 7(h), Defendant hereby responds to Plaintiff's Statement of Material Facts Not In Genuine Dispute.

　　20-24.　The statements in these paragraphs are immaterial to the underlying FOIA claims in this case. *See Holcomb v. Powell*, 433 F. 3d 889, 895 (D.C. Cir. 2006) (noting that "[a] fact is material if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination.").

　　25.　　Undisputed.  Defendant refers the Court to Attorney General Eric Holder's August 2012 statement, which says that on August 24, 2009, "Attorney General Eric Holder announced that he had expanded Mr. Durham's mandate to conduct a preliminary review into whether federal laws were violated in connection with the interrogation of specific detainees at overseas locations." Sumar Decl. Ex. I.  The assertion in this paragraph refers to a Guardian report that is not material to the legal issues presented in this action and, accordingly, no response is required under Local Civil Rule 7(h).

26. Undisputed that in June 2011 the Attorney General released a statement. Defendant refers the Court to the referenced statement for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent they are inconsistent with the content of the referenced statement.

27. Undisputed that in August 2012 the Attorney General released a statement. Defendant refers the Court to the referenced statement for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent they are inconsistent with the content of the referenced statement.

28. Undisputed.

29-30. Undisputed that this matter has been litigated previously in the Southern District of New York and the United States Court of Appeals for the Second Circuit. Defendant refers the Court to the referenced actions for a complete and accurate statement of what occurred therein, and deny the allegations in this paragraph to the extent they are inconsistent with the prior litigation.

31. The statement in this Paragraph is immaterial to the underlying FOIA claims in this case. *See Holcomb v. Powell*, 433 F. 3d 889, 895 (D.C. Cir. 2006) (noting that "[a] fact is material if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination.").

32. Undisputed. Defendant refers the Court to the referenced report for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent they are inconsistent with the content of the referenced report.

33-35. The statement in this Paragraph is immaterial to the underlying FOIA claims in this case. *See Holcomb v. Powell*, 433 F. 3d 889, 895 (D.C. Cir. 2006) (noting that "[a] fact is material

if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination."). Defendant refers the Court to the referenced report for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent they are inconsistent with the content of the referenced report.

36-40. The statement in these paragraphs are immaterial to the underlying FOIA claims in this case. *See Holcomb v. Powell*, 433 F. 3d 889, 895 (D.C. Cir. 2006) (noting that "[a] fact is material if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination.").

41. Denied.

42. The statement in this paragraph is immaterial to the underlying FOIA claims in this case. *See Holcomb v. Powell*, 433 F. 3d 889, 895 (D.C. Cir. 2006) (noting that "[a] fact is material if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination."). Defendant refers the Court to the referenced memoir for a complete and accurate statement of its contents and deny the allegations in this paragraph to the extent they are inconsistent with the content of the referenced memoir.

43-45. Defendant does not dispute that Congress passed the 2016 FOIA Improvement Act and that Act added the foreseeable harm requirement. The remaining assertions in these paragraphs are immaterial to the underlying FOIA claims in this case. *See Holcomb v. Powell*, 433 F. 3d 889, 895 (D.C. Cir. 2006) (noting that "[a] fact is material if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination.").

46. Disputed for purposes of clarification. The Department's approach to releasing FD-302 reports is context-specific. The assertion in this paragraph refers to numerous documents that are not material to the legal issues presented in this action and, accordingly, no response is required under Local Civil Rule 7(h).

47-54. The statements in these paragraphs are immaterial to the underlying FOIA claims in this case. *See Holcomb v. Powell*, 433 F. 3d 889, 895 (D.C. Cir. 2006) (noting that "[a] fact is material if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination.").

55-56. Undisputed. Defendant refers the Court to the referenced FOIA requests for a complete and accurate statement of its contents and deny the allegations in these paragraphs to the extent they are inconsistent with the content of the referenced FOIA requests.

57. The statement in this Paragraph is immaterial to the underlying FOIA claims in this case. *See Holcomb v. Powell*, 433 F. 3d 889, 895 (D.C. Cir. 2006) (noting that "[a] fact is material if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination.").

\*   \*   \*

Dated: January 9, 2024                          Respectfully submitted,
        Washington, D.C.

                                                       MATTHEW M. GRAVES, D.C. Bar #481052
                                                United States Attorney

                                                BRIAN P. HUDAK
                                                Chief, Civil Division


                                                By: /s/ *Alex Schreiber*
                                                    ALEXANDER SCHREIBER,
                                                    D.C. Bar #1724820
                                                    Special Assistant U.S. Attorney
                                                    601 D Street, NW
                                                    Washington, D.C. 20530
                                                    202-252-6754
                                                    Alexander.Schreiber@usdoj.gov

                                                *Attorneys for the United States of America*