# Exhibit A



**U.S. Department of Justice**

Office of the Deputy Attorney General

---

*Bradley Weinsheimer*
Associate Deputy Attorney General

Washington, D.C. 20530

February 8, 2024

Edward N. Siskel
Assistant to the President and White House Counsel
The White House

Bob Bauer
Personal Counsel to Joseph R. Biden, Jr.

Via Email

Dear Mr. Siskel and Mr. Bauer:

    I serve as the Department of Justice's (Department) senior career official and write in response to your February 7, 2024, letter to the Attorney General concerning the report of Special Counsel Robert K. Hur relating to his investigation into unauthorized removal, retention, and disclosure of classified documents discovered at locations including the Penn Biden Center and the Delaware private residence of President Biden. In your letter, you state your objections to aspects of the report and ask that a copy of your letter be included in the investigative file.

    The objections you raise in your letter to the Attorney General are substantially similar to the objections you raised in your February 5, 2024, letter to Special Counsel Hur. In both letters, you contend that the report contains statements that violate long-standing Department policy.

    Having carefully considered your arguments, the Department concludes that the report as submitted to the Attorney General, and its release, are consistent with legal requirements and Department policy. The report will be provided to Congress and released publicly, consistent with Department practice and the Attorney General's commitment to transparency.

    In particular, you first highlight brief language in the report discussing President Biden's use of the term "totally irresponsible" to refer to former President Trump's handling of classified information. Second, you object to the "multiple denigrating statements about President Biden's memory."

    The context in which this information is used in the report makes it appropriate under Department policy and the Special Counsel regulations. The identified language is neither gratuitous nor unduly prejudicial because it is not offered to criticize or demean the President;

1

rather, it is offered to explain Special Counsel Hur's conclusions about the President's state of mind in possessing and retaining classified information. The Special Counsel regulations specifically require the Special Counsel to prepare a report for the Attorney General that explains the Special Counsel's prosecution and declination decisions. See 28 CFR § 600.8(c). The identified language in the report does just that. And, as the Attorney General has made clear regarding each Special Counsel who has served since he has taken office, the Attorney General is committed to making as much of a Special Counsel's report public as possible, consistent with legal requirements and Department policy.

Your claim that Special Counsel Hur inappropriately commented on uncharged conduct is misplaced. As an initial matter, as described above, rather than commenting on uncharged conduct, Special Counsel Hur was applying the evidence he gathered to the applicable law. While Department policy advises Department employees to exercise caution when describing uncharged conduct, the policy also provides that when considering a statement about uncharged individuals, deciding officials should consider whether public disclosure may advance a significant law enforcement interest, including upholding the integrity of the investigation, and whether the public has a significant need to know the information.[1]

Special Counsel Hur's report provides significant detail on the bases for his declination decisions. This includes factors that support his determination of whether the President knew he possessed classified information and whether he acted willfully in possessing and retaining it. The language to which you object goes directly to these issues.

For these reasons, inclusion of the identified language in the report and the report itself fall well within the Department's standards for public release. The report addresses whether the President, as a private citizen, mishandled classified information in violation of criminal laws. This sits near the apex of the public interest. The report and its release, including the identified language, are consistent with Department policies and practice.

---

[1] The references in your letters to then-FBI Director Comey's press conference concerning the FBI's charging recommendation relating to Secretary Hillary Clinton's use of a private server, and the resulting Office of Inspector General (OIG) report, are inapt. Former Director Comey was not a Special Counsel, prosecutor, or Department official charged or approved to announce a declination decision. The OIG criticized his explanation as being incomplete and not carefully assessing and applying all of the facts to the applicable law in announcing the FBI's charging recommendation. His reference to Secretary Clinton being "extremely careless," the OIG found, was a comment on her uncharged conduct -- it was not a comment offered in explanation of the evidence and its application to the law. For these reasons, the OIG concluded Director Comey acted outside of his authority and in violation of Department policy. In contrast, Special Counsel Hur is specifically charged by the Special Counsel regulations and his appointment order with making charging and declination decisions. And as explained above, Special Counsel Hur then is required to furnish a report to the Attorney General explaining those decisions. That is what Special Counsel Hur's report does, and it does so in a manner consistent with Department policy. As the OIG report you cite recognizes, "It is not unprecedented for the Department to announce the completion of an investigation without a prosecution. In fact, it happens frequently in high profile matters. . . . Comey's announcement was unusual in that it concentrated in substantial part on criticizing former Secretary Clinton's uncharged conduct." *OIG Review of Various Actions by the Federal Bureau of Investigation and Department of Justice in Advance of the 2016 Election* at 246. Special Counsel Hur's report is readily distinguishable from Director Comey's press conference.

Thank you for raising these issues for the Attorney General's consideration. As you request, the Department will ensure that your letter is maintained in its files in connection with Special Counsel Hur's report.

Sincerely,

Bradley Weinsheimer

3