UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLIE SAVAGE, et al.,<br><br>       Plaintiff,<br><br>       v.<br><br>DEPARTMENT OF JUSTICE,<br><br>       Defendant. | Civil Action No. 22-2477 (JEB) |

## RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

The Department of Justice ("Department") respectfully responds to Plaintiffs' Notice of Supplemental Authority (ECF No. 36).

Plaintiffs' Notice purports to provide the Court with supplemental authority in this Freedom of Information Act ("FOIA") action. The cited authority, however, is not even remotely relevant to the underlying issues in this case. Plaintiff's Notice attached a copy of the February 8, 2024, letter from Associate Deputy Attorney General Bradley Weinsheimer ("Weinsheimer Letter") regarding Special Counsel Robert K. Hur's February 5, 2024, Report ("Hur Report"), responding to objections from the President's representatives about the release of certain information in the Hur Report. ECF No. 36-1. The Weinsheimer Letter merely describes several reasons why release of the underlying portions of the Hur Report is "consistent with Department practice and the Attorney General's commitment to transparency." *Id.* at 2.

The Weinsheimer Letter is immaterial to the releasability of the records in this case, which were generated by the then-Assistant United States Attorney John Durham, who was not appointed as a Special Counsel pursuant to Department regulations, but rather by Attorney General Michael B. Mukasey on January 2, 2008, to serve as Acting United States Attorney for the Eastern District

of Virginia for purposes of investigating the destruction of videotapes of detainee interrogations by CIA personnel.  *See* ECF No. 25-4, Ex. B at 1.  On August 24, 2009, then-Attorney General Eric. H. Holder expanded Durham's mandate to include a preliminary review into whether federal laws were violated in connection with the interrogation of certain detainees at oversees locations.  *See* ECF No. 25-4, Ex. C.  At no point was Durham appointed as a Special Counsel pursuant to the Department's Special Counsel regulations.

But even if Durham had been appointed pursuant to the Special Counsel regulations, the Weinsheimer Letter would still not impact the Department's position in this case because the Weinsheimer Letter does not purport to announce or alter Department policy regarding the releasability of Special Counsel records and reports.  Rather, it simply confirms that the Special Counsel regulations govern release of the Hur Report and release of the information objected to by the President's representatives.  *See* ECF No. 36-1 at 3.  Further, the Weinsheimer Letter does not undermine the Department's understanding that no two reports are the same and, therefore, each individual report requires independent review for releasability under the FOIA.

In short, the Weinsheimer Letter does not pertain to the Department's application of FOIA Exemption 5 to the Durham Reports.  Plaintiffs' inclusion of the Weinsheimer Letter as supplemental authority fails to refute the Department's showing of foreseeable harm in the release of the Durham Reports.

\*   \*   \*

- 3 -

Dated: March 12, 2024	Respectfully submitted,

        MATTHEW M. GRAVES
        D.C. Bar #481052
        United States Attorney

        BRIAN P. HUDAK
        Chief, Civil Division

By:	*/s/ Alex Schreiber*
        ALEXANDER SCHREIBER
        D.C. Bar #1724820
        Special Assistant U.S. Attorney
        601 D Street, NW
        Washington, D.C. 20530
        (202) 252-6754
        Alexander.Schreiber@usdoj.gov

        *Attorneys for the United States of America*