UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLIE SAVAGE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 22-2477 (JEB) |

## MOTION TO MODIFY IN CAMERA REVIEW ORDER

Defendant the Department of Justice (the "Department") respectfully moves pursuant to Federal Rule of Civil Procedure ("Rule") 54(b) to modify the Court's in camera review order of March 28, 2024, in this Freedom of Information Act ("FOIA") case. Plaintiffs oppose the relief sought by this motion for the reasons described below. In short, the Court should amend its order to require only the in camera review of the ten responsive reports withheld in full or in part under a categorial use of Exemption 5 and the attorney work-product doctrine and the deliberative process privilege. *See* Hibbard Decl. (ECF No. 25-4) ¶ 18. The Court should modify its in camera review order to not require in camera review of responsive Form FD-302 interview reports ("FD-302s") at this time for the following reasons.

### BACKGROUND

This action represents the second suit filed by the New York Times and its reporters to gain access information about investigations led by Special Counsel John H. Durham into the destruction by the Central Intelligence Agency ("CIA") personnel of videotapes of detainee interrogations (the "CIA tapes investigation") and his preliminary review of whether federal laws were violated in connection with the interrogation of specific detainees at overseas locations (the

"CIA interrogations investigation").  In Plaintiffs' first case, *N.Y. Times Co. v. Department of Justice*, Civ. A. No. 14-3777 (S.D.N.Y.), *on appeal*, No. 17-2066 (2d Cir.), the district court held that the responsive FD-302s were categorically protected by Exemption 5 and the attorney work-product doctrine, *N.Y. Times Co. v. Dep't of Just.*, 138 F. Supp. 3d 462, 476 (S.D.N.Y. 2015), and the Second Circuit ruled that the reports were similarly exempt spare any portions that "relate to the conclusion that some of the detainees were not in CIA custody."  *N.Y. Times Co. v. Dep't of Just.*, 939 F.3d 479, 498 (2d Cir. 2019).

In this second bite at the apple, the parties agreed to brief the Department's continued use of FOIA Exemption 5 to protect categorically the records the New York federal courts held were exempt from release under FOIA.  In so doing, the Department expressly reserved all other bases for withholding the reports and FD-302s in full or in part under other exemptions, including Exemptions 1 and 3 and non-categorical withholdings under Exemption 5 (i.e., document-by-document and passage-by-passage withholdings).    Jt. Status Rep. (ECF No. 17) at 1–2.  The parties chose this path given the wholly dispositive nature of the Department's categorical Exemption 5 withholdings—as reflected by the result of the New York litigation—and to avoid the burdens of conducting document-by-document and line-by-line reviews of responsive records to apply certain exemptions on a non-categorical basis.

In its briefing, Plaintiffs have argued that the reports and FD-302s are not categorically exempt under Exemption 5 because the Department cannot demonstrate a "foreseeable harm" to interests protected by Exemption 5 (a requirement for withholdings imposed by the FOIA Improvement Act of 2016) and because there has been an alleged extensive public release of the information contained in the withheld records.  Pls.' Mem. in Supp. of Mot. for Summ. J. (ECF

No. 30-1) ("Pls. Mem.") at 22.[1]   Plaintiffs made it clear that they did not through their present

briefing challenge any other aspect of the Department's Exemption 5 withholdings.  *Id.* at 22 n.5.

## DISCUSSION

While the Department believes that its categorical use of Exemption 5 should continue to

carry the day as to the Durham reports (as it did in the New York litigation), in exploring methods

to provide the Court access to the withheld FD-302s, the Department uncovered additional

information that it believes warrants a different approach for those records.  Accordingly, the

Department moves under Rule 54(b) to modify the Court's in camera review order, which Rule

permits the Court to revise any interlocutory ruling at any time.  *See* Fed. R. Civ. P. 54(b); *In Lux*

*Rsch. v. Hull McGuire PC*, Civ. A. No. 23-0523 (JEB), 2023 WL 8190821, at *2 (D.D.C. Nov.

27, 2023) (granting motion for reconsideration under Rule 54(b); "Under Rule 54(b), orders like

the one at issue here may be reconsidered 'as justice requires.'" (quoting *Cobell v. Jewell*, 802

F.3d 12, 25 (D.C. Cir. 2015))).

I.      **Recent Develops Regarding the FD-302s and Withdrawal of the Department's**
        **<u>Categorical Exemption 5 Argument.</u>**

The Department now believes that certain responsive FD-302s have been provided to non-

governmental persons in discovery in certain other proceedings as of this date.  The undersigned

is attempting to gain a better understanding of the volume and circumstances of those disclosures

and will update the Court as he gains a complete and accurate understanding of these disclosures.

Nonetheless, because certain FD-302s have been disclosed to individuals outside the Government,

the current factual predicate presented to the Court (i.e., that no FD-302s had been disclosed,

Hibbard Decl. ¶ 42), is no longer accurate.  Accordingly, the Department withdraws its argument

---

[1]      The Department herein cites to the pagination in the header of filed documents supplied by
the Court's CM/ECF system.

that the FD-302s are categorically exempt under Exemption 5 while preserving other exemptions that may apply to the FD-302s, including without limitation, Exemptions 1, 3, and 6 and non-categorical withholdings under Exemption 5 (i.e., document-by-document and passage-by-passage withholdings).

Additionally, the Federal Bureau of Investigation ("FBI") has identified another file room where additional, potentially responsive FD-302s might be located.   The FBI is already undertaking efforts to commence a search of those materials and to confirm there are no non-duplicative FD-302s or to identify previously unidentified FD-302s that are responsive to Plaintiffs' FOIA request in this matter.

## II.      Proposal For Further Proceedings Regarding the FD-302s

In light of this newly learned information, the Department now believes it is appropriate to process fully the withheld FD-302s, applying FOIA exemptions on a document-by-document and, as necessary, line-by-line basis.  These additional processes will take some time due to the highly classified nature of the records. *See ACLU v. Dep't of Def.*, Civ. A. No. 04-4151 (S.D.N.Y. June 8, 2009), ECF No. 352 (Declaration of CIA Director Leon E. Panetta) ¶¶ 29–30 (describing implementation of "special access program" for CIA terrorist detention and interrogation program); Exec. Order 13,526, § 4.3 (Dec. 29, 2009) (describing special access programs).  Indeed, the FD-302s were originally classified at the special access program level or contain special access program-level markings, which requires further review before the records can be processed under FOIA and loaded into a secured environment where the FBI and other intelligence agencies routinely review and process classified records.  Once loaded, classifying authorities at the FBI, in consultation with the same at the CIA, will review the records and determine whether and to what extent any non-classified information can be released.  After that, the FBI, in consultation with the CIA, will review and apply other FOIA exemptions (e.g., Exemptions 6 and 7(C)) before releasing

any non-exempt materials.  The Department is attempting to arrive at a meaningful estimate of the time needed to undertake these processing but requires additional time to do so.

Considering this circumstance, the Department proposes to file a status report in thirty days (i.e., on or before June 12, 2024) with an estimate on the time required to process the FD-302s now that it has withdrawn its categorical Exemption 5 arguments.  The undersigned also intends to gain further details regarding the disclosure of the FD-302s and will report to the Court whether any statements in any filed declarations need to be retracted or clarified.

**III.    In Camera Review of the FD-302s At This Time is Unwarranted.**

As noted above Plaintiffs oppose the Department's proposal.  Specifically, Plaintiffs requested that the undersigned note their opposition as follows:

> Plaintiffs oppose the Government's request for permission to withhold the Form 302s from in camera review. The Court's Order of March 28, 2024, stated: "the Government shall provide by April 1, 2024, the withheld documents to the Court for in camera review."  Accordingly, it is Plaintiffs' view that under the plain terms of the Order, the Government must provide all the withheld documents—both the Durham reports and the Form 302s—to the Court forthwith.  That the Government filed a declaration that it now must repudiate does not excuse it from its obligations under the Order.

Plaintiffs opposition is unpersuasive.

As an initial matter, the Government is moving for relief from the Court's existing in camera review order, a motion that is expressly permitted under the Rules.  As such, the scope of the existing order does not control the outcome of this matter.

Obviously, the Government agrees that the Court can order in camera review of withheld records in aid of ruling upon any dispositive motion regarding the same.  *Prop. of the People, Inc. v. Dep't of Just.*, Civ. A. No. 17-1193 (JEB), 2022 WL 1154680, at *4 (D.D.C. Apr. 19, 2022) ("This Circuit has interpreted this language to give district court judges broad discretion in determining whether in camera review is appropriate." (quoting *Armstrong v. Exec. Off. of the*

*President*, 97 F.3d 575, 578 (D.C. Cir. 1996)).  But here the Court's in camera review of the FD-302s would not aid in deciding any matter.  The Department has now withdrawn its categorical use of Exemption 5 to protect from release the FD-302s—the lone basis in its pending motion for summary judgment to categorically protect the FD-302s from disclosure.  By withdrawing the lone pending argument before the Court regarding the FD-302s, in camera review of those records would serve no adjudicatory purpose at this time.

Moreover, arranging the logistics of in camera review of the FD-302s at present would be onerous.  As noted above, the FD-302s in their unredacted form may potentially be subject to a special access program, a form of classification that greatly restricts the Executive Branch officials that may view them.  In light of this classification level, identifying available individuals to facilitate the Court's review of the unredacted FD-302s at this time is a challenge.  As part of the processing proposed by the Department above, the FD-302s will be examined to determine which (if any) portions of which FD-302s continue to be subject to the special access program.  After that review, the FBI in consultation with the CIA will then review those portions that are no longer subject to a special access program under typical procedures used to assess the ongoing classification of records and apply any other appropriate redactions under FOIA.  Notably, these reviews would have been required in any event were the Court to have rejected the Department's categorical Exemption 5 argument as to the FD-302s as the parties agreed the Department's other exemptions were preserved for further proceedings.  Jt. Status Rep. (ECF No. 17) at 1–2.

## CONCLUSION

For the foregoing reasons, the Court should modify its in camera review order to not require

the in camera review of responsive FD-302s at this time.  A proposed order is enclosed herewith.

Dated: May 13, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney


By: _____*/s/ Brian P. Hudak*_____
     BRIAN P. HUDAK
     Chief, Civil Division
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2549

ALEXANDER SCHREIBER, D.C. Bar #1724820
Special Assistant U.S. Attorney

*Attorneys for the United States of America*