UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHARLIE SAVAGE, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 22-2477 (JEB) |
| DEPARTMENT OF JUSTICE, | |
| Defendant. | |

**REPLY IN FURTHER SUPPORT OF**
**MOTION TO MODIFY IN CAMERA REVIEW ORDER**

Defendant the Department of Justice (the "Department") respectfully submits this reply in further support of its motion (ECF No. 43) under Federal Rule of Civil Procedure ("Rule") 54(b) to modify the Court's in camera review order of March 28, 2024, in this Freedom of Information Act ("FOIA") case.  In their Opposition (ECF No. 44), Plaintiffs fail to meaningfully engage with the core issue in dispute—i.e., whether an in camera review of responsive FD-302s to assess the Department's prior categorical invocation of Exemption 5 to withhold those records is necessary when the Department has now withdrawn that categorical assertion.  While Plaintiffs appropriately raise concerns about the Department's now-disavowed assertions that no responsive FD-302s were previously disclosed to defense counsel in Military Commissions proceedings, an in camera review will not aid the Court in its assessment of those concerns at this time.  Accordingly, the Court should modify its in camera review order to not require the in camera review of responsive FD-302s at this time.

I.      **The Need for In Camera Review to Assess the Department's Categorical
        <u>Exemption 5 Assertion is Moot.</u>**

As the Department explained in its moving papers, it has now withdrawn its categorical

application of FOIA Exemption 5 to withhold the responsive FD-302s.  Mot. at 3–4.  That was the

only issue briefed by the parties in their pending motions for summary judgment regarding the

FD-302s—Def. MSJ Br. (ECF No. 25-2); Pls. MSJ Br. (ECF No. 30-1)—and, thus, is the only

substantive issue that an in camera review could have potentially assisted to resolve.  Because that

issue is no longer pending before the Court, an in camera review of the FD-302s could not assist

the Court in rendering any decision at this time.  Accordingly, maintaining a directive to submit

the FD-302s for in camera review at this stage would run contrary to the "ultimate criterion" the

Court must consider in exercising its direction to compel an in camera review.  *Ray v. Turner*,

587 F.2d 1187, 1195 (D.C. Cir. 1978) ("The ultimate criterion is simply this: Whether the district

judge believes that In camera inspection is needed in order to make a responsible de novo

determination on the claims of exemption.").

In response to this straightforward presentation, Plaintiffs raise certain arguments, none are

persuasive.

*First*, Plaintiffs suggest that the pending motions for summary judgment concern more than

the Department's categorical application of Exemption 5.  Opp'n (ECF No. 44) at 6.[1]  This is

incorrect.  As Plaintiffs themselves noted in the very first line of argument in their own summary

judgment brief, the pending motions concern "DOJ's invocation of Exemption 5 to categorically

withhold information sought by Plaintiffs' requests[.]"  Pls. MSJ Br. (ECF No. 30-1) at 22; *see

also* Jt. Status Rep. of May 1, 2023 (ECF No. 17) at 1 ("the government contends that FOIA

---

[1]      When pin citing to court filings, the Department cites to the pagination supplied by the
Court's CM/ECF system in the header of the document.

Exemption 5 provides a categorical basis for its withholdings and proceeding with summary judgment briefing on FOIA Exemption 5 first is the most efficient way to proceed").

*Second*, Plaintiffs claim that the adoption of FOIA's "foreseeable harm requirement" somehow makes invoking Exemption 5 on a categorical basis impossible. Opp'n at 6. While this might be an argument Plaintiffs wished to make in opposing the Department's summary judgment motion (which remains pending for the reports, but which has been withdrawn as to the FD-302s), it provides no basis for the Court to review in camera the FD-302s when it presently has no withholdings to review in them.

Moreover, Plaintiffs are wrong that a categorical invocation of Exemption 5 to protect attorney work-product is improper under the "foreseeable harm" requirement recently added to FOIA. Courts in this jurisdiction have explained that an "agency's concern about potential chilling effect of disclosure of attorney work product [is] sufficient to show foreseeable harm" for purposes of FOIA. *Energy Pol'y Advocs. v. Dep't of State*, Civ. A. No. 19-3307 (TNM), 2023 WL 4198200, at *7 (D.D.C. June 27, 2023) (citing *Machado Amadis v. Dep't of Just.*, 388 F. Supp. 3d 1, 20 (D.D.C. 2019) (McFadden, J.), *aff'd sub nom. Machado Amadis v. Dep't of State*, 971 F.3d 364 (D.C. Cir. 2020)). And FOIA's segregability requirement does not apply to work-product protected records because "the work-product doctrine simply does not distinguish between factual and deliberative material" and, thus, "[i]f a document is fully protected as work product, then segregability is not required." *Jud. Watch, Inc. v. Dep't of Just.*, 432 F.3d 366, 371 (D.C. Cir. 2005). As such, not only does FOIA's foreseeable harm requirement have nothing to do with the Department's motion to modify the in camera review order, Plaintiffs' understanding of that requirement as applied to the work-product doctrine is incorrect.

*Third*, Plaintiffs argue that the onerous nature of an in camera review is not a grounds to modify the Court's order.  Opp'n (ECF No. 44) at 6–7.  The Department agrees that were this the only factor at play, it may not carry the day.  That said, when there is no pending issue that an in camera review of the FD-302s could resolve, compelling the Department to facilitate an onerous classified review of the FD-302s would serve no purpose.

*Fourth, and lastly*, Plaintiffs suggest that the Court should require an in camera review now to facilitate its review of the other exemptions the Department may invoke to protect the FD-302s after it concludes its record-by-record processing efforts.  Opp'n (ECF No. 44) at 6–8.  This suggestion makes no sense and contravenes the procedure that Plaintiffs agreed should control this litigation.  That is, in the parties' joint status report of May 1, 2023, the parties agreed to brief the Department's categorical invocation of Exemption 5 to protect the reports and the FD-302s "prior to any other FOIA withholdings, including but not limited to FOIA Exemption 1."  Jt. Status Rep. of May 1, 2023 (ECF No. 17) at 1.  The parties explained:

> The government's analysis of the applicability of other FOIA Exemptions requires a line-by-line review of every document at issue in the case, including by one or more classification authorities, and is thus a time-consuming and resource-intensive process. Conversely, the government contends that FOIA Exemption 5 provides a categorical basis for its withholdings and proceeding with summary judgment briefing on FOIA Exemption 5 first is the most efficient way to proceed. To the extent that this Court determines that the Exemption 5 does not apply to any record or portion of a record, the Department will further process that information for any additional applicable exemptions and produce any non-exempt information to Plaintiffs.

*Id.* at 1–2.  The Court adopted this proposal.  Min. Order of May 2, 2023.

Now that the Department has withdrawn its categorical application of Exemption 5 to withhold the FD-302s, the next step is the one the parties set forth in their May 1, 2023, joint status report—i.e., "the Department will further process that information for any additional applicable exemptions and produce any non-exempt information to Plaintiffs."  *Id.*  Requiring an in camera

review now, when the FD-302s have yet to be processed under a record-specific exemption review and when neither the parties nor the Court understands what the Department intends to release and withhold from that review, will facilitate nothing.

## II.     Counsel is Actively Working to Gather Information on the Disclosure of Certain FD-302s in Classified Discovery and Other Information Necessary to Correct the Record and Set the Stage for Further Proceedings in This Matter.

Putting aside the merits of the Department's request to modify the Court's in camera review order, Plaintiffs also ask for "immediate" answers to questions they pose in their Opposition.  *See* Opp'n (ECF No. 44) at 9.  The undersigned is diligently working to understand (1) which FD-302s were disclosed in classified discovery; (2) why that fact was not identified when submitting the Department's now withdrawn categorical assertion of Exemption 5 to withhold the FD-302s as a collection in full; and (3) whether there are other potential sources to search for responsive, non-duplicative information.  As of this date, the undersigned can make the following representations.

*First*, the undersigned is presently aware that at least two responsive FD-302s were produced in classified discovery in August 2022.[2]  The undersigned first became aware that these two FD-302s may have been disclosed to defense counsel in Military Commissions proceedings on April 16, 2024, the date he first appeared in the case (ECF No. 40) and the date on which the Department moved with Plaintiffs' consent for an extension to comply with the March 28, 2024, in camera review order (ECF No. 41).  Notably, in its April 16, 2024, extension motion, the Department noted that it was using the extension period to, among other efforts, "confirm[ ] that

---

[2]     This production is in addition to classified summaries of FD-302s that the Department indicated in its summary judgment papers had been produced as well.  *See* Hibbard Decl. (ECF No. 25-4) ¶ 42.  Moreover, the undersigned has learned that since the initial production of those classified summaries to defense counsel in Military Commissions proceedings, the government applied certain additional redactions to certain summaries and released them in an unclassified, for official use only, posture and released one unredacted summary at the unclassified, for official use only, level.

all representations in the existing record about [the withheld] records are complete and clear." Mot. to Extend (ECF No. 41) at 2. That is exactly what the undersigned did during the period from April 16 to May 10, 2024, when the undersigned met and conferred with Plaintiffs' counsel and confirmed that certain FD-302s had been disclosed in classified discovery, prompting the withdraw of the Department's categorical application of Exemption 5 to withhold the FD-302s.

*Second*, the Federal Bureau of Investigation ("FBI") has identified a potential source of records that might contain additional responsive FD-302s. Although Plaintiffs withdrew any challenge to the adequacy of the Department's search before the parties filed the pending summary judgment motions (including the Hibbard Declaration), *see* Jt. Status Rep. of May 1, 2023 (ECF No. 17) at 2, out of an abundance of caution, the FBI is undertaking efforts to review these newly identified materials to identify any non-duplicative FD-302s that are responsive to Plaintiffs' FOIA request in this matter.

*Third*, the Department in conjunction with other government agencies is conducting further efforts to learn whether other FD-302s have been disclosed to defense counsel in Military Commissions proceedings in classified discovery. At the conclusion of those efforts, the Department intends to identify for the Court and Plaintiffs the number FD-302s that have been disclosed in classified discovery in other proceedings and when those disclosures occurred. As part of those efforts, the Department will endeavor to review the records containing the Bates ranges identified in the May 12, 2024, letter signed by James G. Connell, III, which Connell indicates were produced in July 2017. Opp'n Ex. A (ECF No. 44-2). The Department will examine whether the referenced productions contain FD-302s responsive to Plaintiffs' request in this case or mere non-responsive summaries (which were described in the Hibbard Declaration).

Should the Department identify the former in those Bates ranges, it will note those as part of its report on the prior disclosures of FD-302s.

*Fourth*, the government is taking preparatory steps to allow for the commencement of record-by-record processing of the identified FD-302s, steps necessitated by the records being originally classified at the special access program level or containing special access program-level markings.  Once those steps have appropriately dealt with that type of information, the government's record-by-record review of these FD-302s will proceed thereafter.

While the undersigned has gathered certain information on these items (discussed above), counsel requires additional time to examine fully these issues and make an accurate and comprehensive disclosure to the Court.  Requiring the Department to provide an "immediate" complete explanation on a truncated schedule would place immediacy over thoroughness when no particular urgency has been identified by Plaintiffs.  The Department is committed to providing a full account of the issues identified above, to releasing any reasonably segregable, non-exempt responsive information during its record-by-record processing of the FD-302s, and to providing a comprehensive record at the end of that process on which the Court may adjudge the propriety of its record-by-record redactions, including under Exemptions 1 and 3 to protect the national security of the United States.  If the Court requires an in camera review of the FD-302s after the Department informs of the Court and Plaintiffs of what it is withholding from its record-by-record review, it will obviously provide the records for the Court's in camera inspection by lodging them with the Department's Litigation Security Group.  Doing so now, however, would be premature and foist unnecessary burdens on the Department while it is commencing its record-by-record review of the FD-302s (the procedure the parties agreed would occur if the records were not categorically

exempt from release under Exemption 5 and the work-product doctrine) and taking the other steps outlined above.

## CONCLUSION

For the foregoing reasons, and those set forth in its motion, the Court should modify its in camera review order to not require the in camera review of responsive FD-302s at this time.

Dated: May 31, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney


By:         */s/ Brian P. Hudak*
     BRIAN P. HUDAK
     Chief, Civil Division
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2549

ALEXANDER SCHREIBER, D.C. Bar #1724820
Special Assistant U.S. Attorney

*Attorneys for the United States of America*