UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHARLIE SAVAGE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 22-2477 (JEB) |

## STATUS REPORT

Defendant the Department of Justice (the "Department") respectfully submits this status report as directed by the Court's Minute Order of June 7, 2024.

Remaining in this case is Plaintiffs' Freedom of Information Act ("FOIA") request for Form FD-302 interview reports ("FD-302s") generated during two investigations undertaken by Special Counsel John H. Durham into the destruction by the Central Intelligence Agency ("CIA") personnel of videotapes of detainee interrogations and his preliminary review of whether federal laws were violated in connection with the interrogation of specific detainees at overseas locations. After initially moving for summary judgment on the grounds that the FD-302s were categorically exempt from disclosure under FOIA Exemption 5 and the work-product doctrine, the Department withdrew its motion after being informed that certain FD-302s had been disclosed during classified discovery in military commission proceedings involving detainees at Guantanamo Bay. In withdrawing its categorical assertion of Exemption 5 to protect the FD-302s, while reserving all other bases for withholding (including record-specific applications of Exemption 5), the Department committed to filing status reports to keep the Court and parties apprised as to its

processing of those reports and its understanding of the volume and nature of the disclosure of responsive FD-302s to third parties.

### Disclosure of Responsive FD-302s to Third Parties

As to the disclosure of responsive FD-302s to third parties, the Department is nearing completion of its review and reports as follows.  Based on information presently known to him, including based on discussions with officials knowledgeable about the government's productions in the military commissions (but not a page-by-page review of those productions), the undersigned understands that three responsive FD-302s have been disclosed to detainee counsel during classified discovery in the military commissions.  The first two were disclosed on or about August 23, 2022, bearing beginning Bates stamps MEA-FBI-00024830 and MEA-FBI-00024834. The third was disclosed on or about April 8, 2024, bearing beginning Bates stamp MEA-Zebley-0000001.  The undersigned is presently unaware of other FD-302s being produced to third parties, though as detailed below summaries or substitutions for the same have been released during classified discovery in the military commissions.

In the October 10, 2023, declaration the Department submitted with initial summary judgment papers (Hibbard Decl. (ECF No. 25-4)), the Department incorrectly noted that "the FD-302s themselves were not provided to defense counsel" in the military commissions, "only a summary of them."  *Id.* ¶ 44.  The Department's incorrect statement in that declaration was the product of reasonable, though ultimately flawed, efforts to understand the posture of the release of FD-302s in the military commission proceedings and a mistaken belief that the assertion in Durham's December 8, 2014, declaration on the topic remained the case.  *See* Hibbard Decl. (ECF No. 25-4) at Ex. B (Durham Decl. ¶ 20).  As detailed in the Department's recently filed reply in support of its motion to amend the Court's in camera review order (Reply (ECF No. 45) at 5–6)),

the undersigned was informed that two FD-302s may have been disclosed to defense counsel in military commission proceedings on April 16, 2024, the date he first appeared in the case, which prompted the aforementioned review.

In their opposition to the Department's motion to modify the Court's in camera review order, Plaintiffs attached a letter from James G. Connell, III, "lead counsel for Ammar al Baluchi, also known as Ali Abdul-Aziz Ali, in the United States Military Commissions case of *United States v. Khalid Shaikh Mohammad et al.*" Connell Letter, Opp'n Ex. A (ECF No. 44-2). In that letter, Connell identified certain Bates ranges containing information memorialized from interviews conducted during the above noted Durham investigations. The undersigned has discussed these Bates ranges with persons who have access to the referenced documents and reports as follows. The Bates ranges identified in Connell's letter refer to substitutions or summaries of investigative interviews (which were sourced from FD-302s) and grand jury testimony (which were not). As set forth in the Department's initial summary judgment declaration and as clarified above, while most FD-302s themselves have not been produced during classified discovery in the military commissions, summaries or substitutions of FD-302s relevant to those proceedings have been produced in that classified setting, removing certain highly classified and irrelevant information.[1] *See* Hibbard Decl. (ECF No. 25-4) ¶ 42.

Accordingly, while the statement in the Department's original summary judgment declaration remains true for all but the three responsive FD-302s identified above to the best of the undersigned's knowledge, due to the production of the three FD-302s in classified discovery, the Department can no longer assert a categorical withholding under Exemption 5 as to all responsive

---

[1]    The removal of this information has downgraded certain resulting records to an Unclassified, For Official Use Only level as noted in Connell's letter.

FD-302s.   As such, the Department remains committed to processing records it identifies as responsive under its typical document-by-document FOIA processes.

### Processing of Identified Responsive FD-302s

The Department has undertaken diligent efforts, described below, to commence its processing of responsive FD-302s but is not yet able to provide a definitive timeline for the completion of that processing.

Coincident to withdrawing its categorical assertion of Exemption 5 to withhold responsive FD-302s, the undersigned and others at the Department began to take efforts to retrieve responsive FD-302s and place them in a setting where the Department can review and process them under FOIA.   As noted in recent filings, the FD-302s in their fully unredacted form were originally classified at the special access program level or contain special access program-level markings, which requires further review before the records can be processed under FOIA and loaded into a secured environment where the FBI and other intelligence agencies routinely review and process classified records.   Mot. to Am. (ECF No. 43) at 4–5.

As to the tranche of FD-302s that the Department has identified as responsive (*see* Hibbard Decl. (ECF No. 25-4) ¶ 18), the undersigned has engaged persons with access to the secured location where those records are being maintained and is coordinating efforts to prepare them for a review in the Department's typical FOIA processes, including consultations with governmental components that have equities in the records.

Additionally, the Federal Bureau of Investigation ("FBI") is making preparations to search a secure file room for additional potentially responsive FD-302s.   Because that file room may also contain grand jury information, those seeking access to the room have engaged relevant counsel on what steps, if any, need to be taken before they commence their search efforts considering this

fact.  The Department anticipates that the FBI's search of that file room will commence in the next few weeks.

The Department proposes to file a further status report in thirty days—i.e., on or before July 12, 2024—to provide further updates on its search and processing efforts.  Additionally, the undersigned intends to engage Plaintiffs' counsel in advance of that date to learn of specific questions that Plaintiffs may have regarding the Department's efforts in the hopes of answering them in the Department's next status report.

Dated: June 12, 2024
          Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney


By: _____ */s/ Brian P. Hudak* _____
       BRIAN P. HUDAK
       Chief, Civil Division
       601 D Street, NW
       Washington, DC 20530
       (202) 252-2549

ALEXANDER SCHREIBER, D.C. Bar #1724820
Special Assistant U.S. Attorney

*Attorneys for the United States of America*