UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHARLIE SAVAGE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 22-2477 (JEB) |

## <u>JOINT STATUS REPORT</u>

Pursuant to the Court's July 15, 2024, Minute Order, the parties in this action jointly and respectfully submit this status report.

To recap, remaining in this case is Plaintiffs' Freedom of Information Act ("FOIA") request for Form FD-302 interview reports ("FD-302s") generated during two investigations undertaken by Special Counsel John H. Durham into the destruction by the Central Intelligence Agency ("CIA") personnel of videotapes of detainee interrogations and his preliminary review of whether federal laws were violated in connection with the interrogation of specific detainees at overseas locations.  After initially moving for summary judgment on the grounds that the FD-302s were categorically exempt from disclosure under FOIA Exemption 5 and the work-product doctrine, the Department withdrew its motion after being informed that certain FD-302s had been disclosed during classified discovery in military commission proceedings involving detainees at Guantanamo Bay.  In withdrawing its categorical assertion of Exemption 5 to protect the FD-302s, while reserving all other bases for withholding (including record-specific applications of Exemption 5), the Department committed to filing status reports to keep the Court and parties apprised as to its processing of those reports and its understanding of the volume and nature of the

disclosure of responsive FD-302s to third parties.  As noted below, Plaintiffs request a status conference to discuss the timeline for the Department's processing of the request and the nature of some of the records in the Department's possession.  The Department believes that such a request is premature and that the Department is proceeding diligently to process records responsive to the request, which efforts are time consuming due to the highly sensitive nature of the requested records.

### The Department's Update

As reported in the Government's prior recent reports, the Department's efforts are focused on two items: (1) processing FD-302s previously identified by the Department as responsive to Plaintiffs' requests (the "Identified FD-302s"); and (2) searching for additional, potentially responsive FD-302s maintained by the Federal Bureau of Investigation ("FBI").

As to the first item, as noted in the Government's last status report, it cleared the necessary logistical hurdles to commence its initial review of the Identified FD-302s.  As previously reported, that initial review is intended to address the special access program issues with the Identified FD-302s, so they can thereafter be loaded into a secured environment where the FBI and other intelligence agencies routinely review and process classified records under FOIA.  The Government reports that it has diligently undertaken this initial review since the parties' last status report.  Those conducting the initial review estimate that they should complete it in the next couple weeks.  The Government is also making preparations to facilitate the further review of the Identified FD-302s for appropriate withholdings under FOIA after the initial review is concluded, which is a somewhat complex undertaking given the classification level of the records at issue.

As to the second item, the Government continues to work diligently to address threshold logistical items to permit FBI agency counsel to search for additional, potentially responsive FD-302s.  Over the last month, the Government has been working to ensure that the personnel

conducting this search are appropriately cleared to do so.  For example, locations where additional, potentially responsive FD-302s may be located may also contain grand jury protected information from existing or legacy criminal prosecutions.  As such, FBI agency counsel has been coordinating with those knowledgeable about court-ordered restrictions on the viewing of such protected information to ensure that anyone undertaking the search complies with existing court orders. Unfortunately, this has taken some time.  The undersigned and FBI agency counsel are engaging with relevant decisionmakers in the hopes of securing shortly the final approvals necessary to commence that search.

The Department must complete the above noted steps before it can provide any estimate of its processing timeline.  That is, attempting to identify a reasonable processing rate before the highly sensitive records are loaded into a FOIA processing platform (either because they are being diligently reviewed for special access program issues or because searches for additional records are ongoing) is impracticable.  Lastly, the Department does not believe that summaries or substitutions of responsive FD-302s are responsive to Plaintiffs' request in this suit, which sought the FD-302s themselves, not records based on or selecting text from the same.  The Department believes this explanation is clear and clearly supported by the text of Plaintiffs' request and the record in this case.

**Plaintiffs' Update**

In the parties' last Joint Status Report, Dkt. 49, Plaintiffs raised concerns with the absence of a concrete timeline for the Department's processing and production of the FD-302s, as well as the absence of a clear explanation about the nature of some of the records — the so-called "summaries" and "substitutions" of FD-302s — in the Department's possession. Plaintiffs said they expected the Department to provide two things by the next status update: "(i) a concrete timeline for the review and production of the FD-302s, including when [the Department] expects

to begin the substantive review of the records, how many pages it expects to process on a monthly basis, whether it will make rolling productions of the documents, and when it expects to complete its review, and (ii) a clear explanation of the nature of the FD-302s "summaries" and "substitutions" in the Department's possession, so that the parties can resolve any dispute about whether these records are responsive to Plaintiffs' requests and, if necessary, engage in motion practice." Dkt. 49 at 5. Thirty days later, the Department has provided none of this information.

*　*　*

**Conclusion**

The parties jointly propose to file another status report within thirty days—i.e., on or before September 11, 2024. Plaintiffs also respectfully request that, sometime before this next status report is due, the Court order the parties to appear for a status conference at which the issues raised above can be discussed. The Department, by contrast, respectfully submits that such a status conference is unnecessary and premature.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

By: _____ */s/ Brian P. Hudak* _____
    BRIAN P. HUDAK
    Chief, Civil Division
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2549

ALEXANDER SCHREIBER,
D.C. Bar #1724820
Special Assistant U.S. Attorney

*Attorneys for the United States of America*

THE NEW YORK TIMES COMPANY

By: _____ */s/ Al-Amyn Sumar* _____
    AL-AMYN SUMAR
    DAVID MCCRAW
    MAYA GANDHI
    620 8th Avenue
    New York, NY 10018
    (212) 556-4031

*Counsel for Plaintiffs Charlie Savage and
The New York Times Company*

DAVID A. SCHULZ
Media Freedom & Information Access Clinic
Abrams Institute
Yale Law School
1675 Broadway, 19th Floor
New York, NY 10019
(212) 850-6103

*Counsel for Plaintiff Scott Shane*

Dated: August 12, 2024