UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLIE SAVAGE, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 22-2477 (JEB) |
| DEPARTMENT OF JUSTICE, | |
| Defendant. | |

## JOINT STATUS REPORT

Pursuant to the Court's April 28, 2026, Minute Order, the parties in this action jointly and respectfully submit this status report. As noted below, Plaintiffs respectfully request a status conference to discuss the government's failure to produce any records whatsoever, or even issue a final determination to withhold any responsive records, in the more than two years since this Court issued its decision on the parties' cross-motions for summary judgment. The government opposes that request.

## Background

To recap, remaining in this case is Plaintiffs' Freedom of Information Act ("FOIA") request for Form FD-302 interview reports ("FD-302s") generated during two investigations undertaken by Special Counsel John H. Durham into the destruction by Central Intelligence Agency ("CIA") personnel of videotapes of detainee interrogations and his preliminary review of whether federal laws were violated in connection with the interrogation of specific detainees at overseas locations. After initially moving for summary judgment on the grounds that the FD-302s were categorically exempt from disclosure under FOIA Exemption 5 and the work-product doctrine, the Department withdrew its motion after being informed that certain FD-302s had been

disclosed during classified discovery in military commission proceedings involving detainees at Guantanamo Bay. In withdrawing its categorical assertion of Exemption 5 to protect the FD-302s, while reserving all other bases for withholding (including record-specific applications of Exemption 5), the Department committed to filing status reports to keep the Court and parties apprised as to its processing of those reports.

**<u>Government Update</u>**

As discussed in the parties' prior reports, the records at issue currently fall into three buckets: (1) FD-302s previously identified by the Department as responsive to Plaintiffs' requests that were cleared of special access program ("SAP") issues after an initial review (the "Group A" 302s); (2) additional FD-302s that the government previously identified but required additional SAP reviews to clear them (the "Group B" 302s); and (3) FD-302s identified by the Federal Bureau of Investigation ("FBI") through supplemental searches (the "Group C" 302s).

**I.    Group A 302s.**

As reported in the Government's prior status reports, the FBI's FOIA staff received the Group A 302s in late November 2024 after the government had cleansed those records of SAP issues. The FBI's FOIA staff commenced and completed their initial processing of those records, which comprised 521 pages. As a result of that initial processing, FBI's FOIA staff determined the records needed to be referred to the Central Intelligence Agency ("CIA") for consultation, including for Exemption 1 and 3 purposes. The FBI submitted to the CIA a request for consultation, and the CIA's FOIA staff commenced its review of those records shortly thereafter.

Prior to the last status report, the CIA had provided the FBI consultations on 178 pages of the Group A 302s. The FBI is reviewing the CIA's responses on those 178 pages. In addition, the CIA provided the FBI consultations on approximately 92 pages on December 23, 2025, and 15 pages on February 5, 2026. The FBI continues to process those records.

The FBI is continuing to review records it received from the CIA and provided an interim response to Plaintiffs on February 20, 2026, reporting that it reviewed 97 pages, all of which required consultations with other government agencies ("OGA"). Those consultations were sent to the OGAs, and the FBI is awaiting a response. Since the last JSR, the FBI provided Plaintiffs with a letter on May 29, 2026, advising that 55 pages were reviewed, all of which required consultations with OGAs. The FBI is unable to control the workflow of OGAs and while it cannot predict when the documents will be returned, the FBI will continue to follow up with the OGAs.

The FBI anticipates providing its next interim response to Plaintiffs by June 30, 2026, and then another on or about July 31, 2026.

As to the balance of the Group A 302s, CIA's review of the outstanding Group A 302s has been delayed due to the discovery of sensitive information requiring input from senior leadership. The CIA is still conducting its final reviews and anticipates providing the FBI with consultations on approximately 236 pages (the full balance of the Group A 302s) on or about August 21, 2026.

## II.     Groups B and C 302s.

As reported in the Government's prior status reports, in addition to the Group A 302s that were more readily cleared of SAP information, the government flagged certain other, previously identified FD-302s as requiring further review to obtain SAP clearance. The government completed that further review, and the Group B 302s were provided to the FBI's FOIA processing team.

Also, as reported in the government's prior status reports, the FBI completed its supplemental search for responsive FD-302s and identified a collection of additional, potentially responsive records (the Group C 302s). As with the other FD-302s at issue in this matter, the government undertook to collect, copy, and clear these 302s of SAP issues. The government completed that review and the Group C 302s were provided to the FBI's FOIA processing team.

3

Previously, the total collection of the Groups B and C 302s was approximately 1,750 pages. The final count is 1,386 pages. All Group B and C 302s have been referred to CIA.

The CIA has commenced its review of these records, but it does not yet have an estimated completion date because these records require multiple layers of review. As noted in previous reports, the FBI's and CIA's resources to process these records, which largely remain classified notwithstanding clearing initial SAP issues, are limited. Nonetheless, the government is making diligent efforts, consistent with its processing and production obligations in a vast number of other FOIA cases, to provide Plaintiffs all non-exempt, responsive information in a reasonably prompt fashion.

### The Government's Proposal

In this filing, Plaintiffs unnecessarily have advanced a variety of substantive arguments. Defendant, however, does not understand the purpose of a joint status report to be to litigate matters; rather, a joint status report should concisely update the Court on the status of a case and alert the Court to matters that may require more complete exploration by the parties or the Court later in the proceedings, and a joint status report can precipitate a schedule for such further proceedings that the Court deems appropriate. Defendant's portions of this joint status report are prepared with these principles in mind. Defendant's declination to engage herein with particular assertions by Plaintiffs should not be construed as conceding their validity. To the extent that the Court wishes for the parties to engage on the various points that Plaintiffs has advanced herein, Defendant will do so in an appropriate manner, with supporting declarations, pursuant to a schedule that the Court sets, and will not further burden this report or the Court at this time with such discussions before the Court has indicated that they are warranted. And, should the Court be inclined to consider Plaintiffs' request for relief at this time, the Court should treat the request as

4

a motion per Federal Rule of Civil Procedure 7(b)(1) and afford Defendant the opportunity to respond within the period set forth in Local Rule 7 before deciding the issue.

The government proposes that the parties file another joint status report on or before August 28, 2026, to further update the Court and Plaintiffs of the government's processing efforts. Plaintiffs oppose this proposal, as noted below.

### **Plaintiffs' Position and Proposal**

In lieu of the joint status report, Plaintiffs respectfully request a status conference to discuss both the government's failure to process the responsive records in a timely manner and to set a concrete schedule for processing and production of records going forward. Plaintiffs made a similar request in August 2024, ECF No. 50 at 5, which this Court concluded was at that point premature, Aug. 13, 2024 Minute Order. But it is no longer: in the nearly two years since that last request, the government has not completed its review of *any* responsive records, much less produced any such records.

The government has processed responsive records in this long-running case at an extraordinarily slow rate. This action was filed in August 2022. After summary judgment briefing, the government learned that some of the FD-302s at issue "had been disclosed to individuals outside the Government and that the [FBI] had identified another file room where additional responsive 302 forms might be stored." ECF No. 47 at 6 (cleaned up). So it "withdrew its argument that the 302s were categorically exempt under Exemption 5 and resolved to fully process them— *i.e.*, review them and apply further (more limited) FOIA exemptions in consultation with the CIA." *Id.* As this Court wrote at the time, "only the 302s remain at issue in this litigation. Once the Government has fully processed them, any further dispute can be addressed on a subsequent motion for summary judgment." *Id.* at 26. The Cout issued that decision in June 2024—more than two years ago.

5

Since then, the government has made very little progress toward that goal. It has not fully processed a single page responsive to Plaintiffs' request. Moreover, it has repeatedly declined Plaintiffs' requests to discuss, let alone commit to, a concrete timeline for completing its processing and making any productions. (The FBI, for instance, has refused to tell Plaintiffs which, or even how many, OGAs must still review the Group A 302s.) After years of patiently waiting for the government to provide answers and move along this litigation, Plaintiffs respectfully submit that judicial intervention is now necessary. Plaintiffs therefore ask the Court for a status conference (either in person or by telephone) to discuss these matters. The government opposes this request.

Dated: June 29, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____ */s/ Kaitlin K. Eckrote*
    KAITLIN K. ECKROTE
    D.C. Bar #1670899
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2485

*Attorneys for the United States of America*

THE NEW YORK TIMES COMPANY

By: _____ */s/ Al-Amyn Sumar*
    AL-AMYN SUMAR
    DAVID MCCRAW
    620 8th Avenue
    New York, NY 10018
    (212) 556-4031

*Counsel for Plaintiffs Charlie Savage and*
*The New York Times Company*

DAVID A. SCHULZ
Media Freedom & Information Access Clinic
Abrams Institute
Yale Law School
1675 Broadway, 19th Floor
New York, NY 10019
(212) 850-6103

*Counsel for Plaintiff Scott Shane*