UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHARLIE SAVAGE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 22-2477 (JEB) |

## JOINT STATUS REPORT

Pursuant to the Court's July 20, 2026, Minute Order, the parties in this action jointly and respectfully submit this status report, which sets forth each party's proposal regarding the timing of document review, return and production.

## Background

To recap, remaining in this case is Plaintiffs' Freedom of Information Act ("FOIA") request for Form FD-302 interview reports ("FD-302s") generated during two investigations undertaken by Special Counsel John H. Durham into the destruction by Central Intelligence Agency ("CIA") personnel of videotapes of detainee interrogations and his preliminary review of whether federal laws were violated in connection with the interrogation of specific detainees at overseas locations. After initially moving for summary judgment on the grounds that the FD-302s were categorically exempt from disclosure under FOIA Exemption 5 and the work-product doctrine, the Department withdrew its motion after being informed that certain FD-302s had been disclosed during classified discovery in military commission proceedings involving detainees at Guantanamo Bay. In withdrawing its categorical assertion of Exemption 5 to protect the FD-302s, the Department reserved all other bases for withholding (including record-specific

1

applications of Exemption 5). It, and other government agencies ("OGA"), are in the process of reviewing these records.

### Government Update

At the status conference that occurred on July 20, 2026, the Court expressed its intention to take this matter one step at a time. The Court did not ask the FBI to set forth a schedule for when any pages would be produced to Plaintiffs. Despite the Court's direction, Plaintiffs jump the gun and attempt to set forth a schedule that would get this case to the finish line. Such a proposal is ripe for failure and causing confusion. The government respectfully suggests that next steps focus on what the Court sought in the status report filed on July 27, 2026: a proposed timeline for the Other Government Agencies ("OGAs") to finish their consultations, a proposed timeline for the CIA to finish consulting on the Group B and C 302s, and a proposed date by which the remaining 133 Group A 302s will be sent to OGAs.

The FBI has explained that it intends to send the remaining Group A 302 pages to OGAs by August 31, 2026. The next logical step would be for the OGAs to receive those documents and then propose how long it will take them to review and return the documents to the FBI. At this point, no OGA knows if it will receive documents for consults, or how many pages it will consist of. It is reasonable that the OGAs be given the opportunity to make a proposal *after* they receive and review the documents.

Plaintiffs' offered scheme necessarily means that CIA and FBI analysts will need to put this work ahead of their other work, some of which come with expedited processing orders. Additionally, the CIA and FBI must use its limited resources fairly and handles far more litigations and FOIA requests than just this matter. For example, as of March 18, 2026 – only halfway through the Fiscal Year – the FBI had already received approximately 40,000 FOIA

requests for the FY. The FBI and CIA do not believe it is wise to agree to Plaintiffs' proposed deadlines when it is not reasonable to believe they can be met. Additionally, Plaintiffs' offered scheme forgot to include the necessary classification reviews of the records. All the records in this matter are classified. Whatever the period the parties use in computing when to finish processing the records, by necessity it must include a classification review for the FBI.

### Plaintiffs' Position and Proposal

The Government has indicated that there are 1,907 pages responsive to Plaintiffs' FOIA requests. To date, the Government has not produced any of them, nor asserted any exemptions. It maintains that the records first need to be (1) reviewed by the CIA, (2) returned to the FBI, (3) sent out to eight OGAs, (4) returned to the FBI for its own review, and then, finally, (5) released to Plaintiffs (or withheld based on specific claims of exemption). Its proposal (ECF No. 72) asserts that, with respect to 152 of the 1,907 responsive pages (approximately 8%), steps (1) through (4) will be fully complete by late October. It has not indicated when it will produce those pages to Plaintiffs (step 5). As for the remaining 1,755 pages (approximately 92% of the total), the Government has not indicated when the OGA review will be complete because it has not even sent those pages for OGA review yet -- the vast majority will not even complete CIA review (step 1) for more than a year. To be specific:

There are 1,907 pages of responsive records.

- 275 have been processed by the CIA.
    - o 152 of the 275 have been referred to eight additional OGAs for consultation. The Government proposes that the OGA review of these 152 pages will be fully and finally complete by October 26, 2026. The Government (FBI) does not say how long its own processing will take

or when it will release these 152 pages of records.

- o The Government proposes that it will send the remaining 123 pages (275 minus 152) for consultation to the eight other OGAs by August 31, 2026. It has not proposed any timeline for the OGA processing of those pages, its own processing of those pages once they are returned from the OGAs, or the release of any of those records to Plaintiffs.

- The remaining 1,632 pages are still being processed by the CIA.

  - o The Government (FBI) states that 236 of those will be returned to the FBI on or about August 21, 2026. It has not proposed any timeline for OGA processing of those pages, its own processing of those pages once they are returned from the OGAs, or the release of any of those records to Plaintiffs.

  - o The Government proposes that the other 1,396 pages will not be returned by the CIA until November 1, 20**27** – more than **5 years** after this lawsuit was filed (in August 2022), and nearly **3.5 years** after summary judgment (in June 2024). And even when this date is reached, the FBI will still (presumably) seek to send these out to OGAs for additional consultation before processing them for production to Plaintiffs.

Plaintiffs respectfully submit that the Government's proposal is not reasonable, particularly given the significant amount of time that has already lapsed. Consultations and production should not take multiple years, especially when the universe of documents is less than 2,000 pages. Given the Government's lengthy delays, Plaintiffs submit that providing advance

4

notice to the FBI, the CIA and the OGAs of their obligations, and the Court's expectations, through the end of document production would be useful and efficient. Plaintiffs thus propose the following schedule:

- With respect to the 152 pages sent to OGAs: Plaintiffs propose that all OGAs return these pages to FBI by August 31, 2026, and that the FBI produce (or claim legitimate exemptions) for these pages by September 30, 2026.

- With respect to the 123 pages that will be sent to OGAs on or by August 31, 2026: Plaintiffs propose that all OGAs return these pages by September 30, 2026, and that the FBI produce (or claim legitimate exemptions) for these pages by October 30, 2026.

- With respect to the 236 pages that the CIA will return to the FBI by August 21, 2026: Plaintiffs propose that the FBI send these pages for OGA consultation by September 21, 2026, that the OGAs complete their review by October 21, 2026, and that the FBI produce (or claim legitimate exemptions for) these pages by November 20, 2026.

- With respect to the remaining 1,396 pages: Plaintiffs propose that these records be returned to the FBI on a rolling basis of 350 pages per month for four months, starting on September 21, 2026. Those records should then be provided to the OGAs within a month of receipt (by October 21, November 21, and so on) who should then return them to FBI within a month (by November 21, December 21, and so on). FBI should then have one month to process and produce (or claim legitimate exemptions for)

these pages to plaintiffs (by December 21, January 21, February 21, and March 21).

This schedule completes production by March 21, 2027, at which time the parties may litigate any claims of exemption, if necessary.

If the Court is disinclined, at this time, to issue a schedule through the completion of document processing and production, Plaintiffs respectfully request that, at a minimum, it order that:

- The 152 pages that are currently out to OGAs be taken back by the FBI by August 31, 2026.

- The 1,396 pages that are currently with the CIA be returned to the FBI on a rolling basis of 350 pages per month beginning September 21, 2026.

- The parties submit to this Court, within two weeks of this Court's order, a proposed schedule (or competing schedules) for the next phase of consultations and productions.

Dated: August 3, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *Kaitlin K. Eckrote*
    KAITLIN K. ECKROTE
    D.C. Bar #1670899
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2485

*Attorneys for the United States of America*

THE NEW YORK TIMES COMPANY

By: *Alia L. Smith*
    ALIA L. SMITH
    Ballard Spahr LLP
    1909 K St. NW, 12th Fl.
    Washington, DC 20006
    (202) 508-1125

    DAVID MCCRAW
    The New York Times Company
    Legal Department
    620 8th Avenue
    New York, NY 10018
    (212) 556-4031

*Counsel for Plaintiffs Charlie Savage and
The New York Times Company*

DAVID A. SCHULZ
Media Freedom & Information Access Clinic
Abrams Institute
Yale Law School
1675 Broadway, 19th Floor
New York, NY 10019
(212) 850-6103

*Counsel for Plaintiff Scott Shane*